UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wade Reeves,<br><br>        Plaintiff,<br><br>    v.<br><br>Transworld Systems Inc.,<br><br>        Defendant. | No.  1:15-cv-00977-GEB-BAM<br><br>**ORDER RE: SETTLEMENT AND DISPOSITION** |

Plaintiff filed a "Notice of Settlement" on October 22, 2015, in which he states:

> this case has been settled in its entirety. The Parties anticipate filing a Joint Motion for dismissal of this action in its entirety with prejudice within 45 days. Plaintiff requests that all pending dates and filing requirements be vacated and that the Court set a deadline on or after December 4, 2015 for filing a joint dismissal or a motion to reopen this matter if settlement is not fully consummated.

(Notice of Settlement, ECF No. 13.)

Therefore, a dispositional document shall be filed no later than December 7, 2015. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.  See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1

Further, the Status Conference scheduled for hearing on November 9, 2015, is continued to commence at 9:00 a.m. on February 1, 2016, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]  A joint status report shall be filed fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  October 28, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2