UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wade Reeves,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Transworld Systems Inc.,<br><br>　　　　Defendant. | No. 1:15-cv-00977-GEB-BAM<br><br><br>**ORDER** |

On December 1, 2015, defense counsel emailed the undersigned judge's courtroom deputy requesting the Court "Vacate the Notice of Acceptance of Offer of Judgement [sic] (dkt. 12) as requested in the [parties'] Stipulation [and proposed order] filed on 11/16/2015 (dkt. 15)."

However, on November 17, 2015, the parties filed a "Stipulation to Dismiss Entire Case, With Prejudice," which effectuated dismissal of this action under Federal Rules of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 16.)

> [T]he plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. . . . **District courts need not and <u>may not</u> take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.**

Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012) (emphasis added); see also De Leon v. Marcos 659 F.3d

1

1276, 1284 (10th Cir. 2011) ("[T]he district court's order granting [the defendant's] motion to dismiss on the merits is void because it was issued after the stipulation was filed and therefore in the absence of jurisdiction."); cf. <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997) (discussing effect of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), stating: "[t]he filing of a notice of voluntary dismissal . . . automatically terminates the action").

Since the parties have not shown that the Court has jurisdiction to consider their request, it is denied.

Dated:  December 10, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2